UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YEHUDAH MILCHAMOT,

                Petitioner

-against-

WARDEN OF O.B.C.C.,

                Respondents.

25-CV-3528 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner, who is currently incarcerated at the Otis Bantum Correctional Center on Rikers Island and proceeding *pro se* action, bring this petition for a writ of *habeas corpus*. Petitioner recently brought a petition for a writ of *habeas corpus*, which was dismissed without prejudice for his failure to exhaust his state court remedies. *See Michamot v. Chief Bronx District Attorney*, No. 25-CV-1157 (JPC) (S.D.N.Y. Mar. 31, 2025).

    Petitioner then submitted this petition for a writ of *habeas corpus*, which he labeled with the docket number 25-CV-1157 (JPC).[1] On April 28, 2025, District Judge Cronan directed the Clerk of Court to treat this petition as a new action, and this matter was opened. Petitioner, however, had already brought another identical petition, which had been opened under docket number 25-CV-2979 (LTS), and was already pending.

    Because this petition for a writ of *habeas corpus* is identical to the pending petition in 25-CV-2979 (LTS), and no useful purpose would be served by the filing and litigation of this duplicate lawsuit, this petition for a writ of *habeas corpus* is dismissed without prejudice to Plaintiff's pending case under docket number 25-CV-2979 (LTS). All further documents in

---

[1] Petitioner did not pay the filing fee or submit an application to proceed *in forma pauperis* with this petition.

support of the habeas corpus petition shall be filed in the case under docket number 25-CV-2979 (LTS).

## CONCLUSOIN

The Court dismisses this petition for a writ of *habeas corpus* as duplicative of Petitioner's pending action under docket number 25-CV-2979 (LTS).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Because the petition, at this time, makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:   April 30, 2025
         New York, New York

                                               /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge